JRJG

FILED
ASHEVILLE, N.C.

JAN 22 2020

U.S. DISTRICT COURT
W. DIST. OF N.C.

Hand-Delivered

**IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA**

**ABEL PEREYRA, not individually but as trustee of the Hubert Williston Merchant Trust dated November 25, 1997,
Plaintiff,**

1:20cv21

**HUBERT W. MERCHANT, JR.,
Defendant.**

**NOTICE OF REMOVAL**

1.

Plaintiff **ABEL PEREYRA**, Trustee, located in the City of Chicago, commenced a state action by filing a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County Illinois, on December 9, 2019. case number 2019MR001366

**(EXHIBIT, Plaintiff Exhibit 1)**

2.

Pursuant to 28 U.S.C. §§ 1332 and 1441, defendant **HUBERT W. MERCHANT, JR.**, hereby gives notice of the removal of this civil action from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County Illinois, to the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA. Asheville NC.

3.

The State Court should proceed no further unless and until the case is remanded.

In support of this Notice of Removal, defendant states as follows:

4.

**1st GROUND FOR REMOVAL: DIVERSITY**

The amount in controversy is greater than $75,000. 28 U.S.C. Sec. 1332: Defendant Hubert W. Merchant Jr., lives in Robbinsville, North Carolina, Graham County in the Western District of North Carolina.

5.

**2nd GROUND FOR REMOVAL 28 U.S.C. §1441**

**DUE PROCESS: NOTICE AND HEARING**

6.

Plaintiff, Trustee filed a very similar earlier complaint July 17, 2014 seeking a Court Order to release the funds and close the trust without Defendant's consent. (EXHIBIT Will be supplied later )

Defendant Hubert Jr. responded timely, contesting that the Plaintiff Trustee refused to provide any supporting documents to verify any item of his "Trust Accounting" Trustee, through his attorney caused to be mailed, on June 22, 2015 from Chicago to North Carolina, a notice for hearing scheduled on June 25, 2015, only three (3) days notice. Three (3) day advance notice does not even conform to the statutory 4 day mail time much less the advance notice to have a hearing. Insufficient notice caused Defendant to miss the hearing.

7.

Plaintiff's Attorney office postal meter postmark does conform to June 22, 2015, but the

North Carolina Postal Processing station did not receive it until July 4th, 2015, 10 days after the hearing.

8.

Plaintiff Trustee's Attorney, with full knowledge of the date the notice went out, attended the Hearing and sought a default judgement. Plaintiff and Attorneys knew I missed the hearing, yet they never mentioned having obtained an order granting relief and dismissing the case. Also they never noticed Defendant Hubert Jr. for many months. (EXHIBIT December 15, 2015 letter from Trustee's Attorney (Will amend to supply the document)

9.

With no indication of the Default Judgment, Defendant Hubert Jr. proceeded prosecuting the litigation, by filing:

●Defendant's Response to Motion for Default Judgment, and Stay Further Disbursement of Estate Funds. August 26, 2015

●Amended Answer to Add Affirmative Defenses, Respondents in Discovery and Counterclaims. October 23, 2015.

●Defendant's first request for admissions to Abel Pereyra November 20, 2015.

●Defendant's request for interrogatories, and Documents from Jerome A. Sara

●Defendant's request for interrogatories, and Documents from Wendy Wake Durkin

Only to be finally informed by Adisa Krupalija, Attorney for Able Pererya, Trustee, that the case had been closed on June 25, 2015

Will amend Complaint to add these documents later

10.

Throughout all their litigation they constantly abused the mailing of notices by sending them to wrong addresses or of such short time as to be not considered proper notice. To add to this abuse, "made statements of fact" within their pleadings which were deliberately false.

11.

Their Complaint alleges that the Trustee will not make disbursements to beneficiary Hubert, Jr. unless and until Hubert Jr. **signs in advance** a "carte blanch" exculpatory release waiving any recourse for any abuse of the management and actions of the Trustee. The Trustee is using the beneficiaries assets under the will, as a coercive leverage to acquire the signature at the **threat of not receiving any of his father's bequests.**

12.

Although they did get a default order, which granted their prayers to close the Trust and to make disbursements to me, (without my signing an exculpatory release), they instead used it to make disbursements to other heirs, but continued to keep mine saying I still needed to sign the hostile release. flies against public policy

13.

Basic concepts about "Notice and Hearing" have been ignored. The kind of notice the law contemplates is that which is intended to inform. It is not a game of "Gotcha." They have consistently manipulated Due Process rules to deny Defendant a fair and honest hearing.

14.

They have altered communications to create a new false meaning which they are using to deny Defendant Hubert Jr. his inheritance claiming it is a challenge to "the in terrorem" clause in the Trust and the Will.

15.

This new, most recent complaint is an attempt to not fulfill the conditions of the first fraudulently obtained order, but to create another false scenario to get a new authorization from a Court to abscond with my portion of the inheritance my father intended for me to have.

16.

This Notice of Removal is timely because it is being filed within thirty (30) days from the date the defendant was served with the summons and Complaint. *See* 28 U.S.C. § 1446(b). The Complaint was served just before Christmas and there was no return of service on it. I think it is a day or two early, but honestly, I am not sure what day it was served. In the outside chance this is a day or two late I pray that the Court accept it in the interests of Justice for all parties.

17.

Defendant must act as a Pro Se as I have no financial resources other than the minimum amount of SSI payments which are available. By all standards I am indigent. There are many additional documented facts and earlier pleadings, as well as many items of evidence which should be included with this Responsive Pleading, however I need more time to complete this. I reserve the right to Amend this pleading.

18.

Defendant will expeditiously serve all necessary documents to the Illinois Court, and notice this Court as those actions occur.

19.

A copy of all process, pleadings and orders served on the defendant will be supplemented to this record as expeditiously as I can make the hundreds of copies. Those Exhibits that are directly discussed above, show the worst elements of the abuse of basic tenants of Notice and Hearing, to meet with the requirements for Removal to the Federal Courts. They will be amended post haste as they are copied.

20.

Generally Illinois practice procedures, as well as their electronic records, which limit access to records is unintentionally damaging the Due Process rights of poor, and out of state litigants. The Federal judiciary system promises a more level playing field and "equal justice" to litigants.

THEREFORE, the Asheville Federal District Court should be assigned to this case and not the Illinois branch.

Therefore, for the foregoing reasons, defendant removes this action to the

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Asheville**

**DEFENDANT HUBERT W. MERCHANT JR.**
**Response to Trustee's Petition for Declaratory Relief**

**Comes now, Hubert W. Merchant Jr. and responds to Plaintiff's allegations:**

**Defendant answers each numbered paragraph immediately below the Defendant's allegation, for clarity.**

1. On February 16, 2011, Hubert Williston Merchant ("Grantor") executed the Declaration of Trust at issue, a copy of which is attached as Exhibit 1.

Merchant does not have any "issue" with the distribution of the Trust to the named beneficiaries. Merchant has questions about the refusal of the Trustee to follow Illinois law concerning the requirements to provide documentation.

2. From the inception of the Trust until Grantor's death, Grantor acted as the trustee of the Trust.

Defendant admits this statement

3. Grantor died on January 14, 2012, a resident of DuPage County, Illinois, leaving no probatable assets.

Defendant Merchant cannot admit nor deny this statement about assets.

4. Grantor's will was filed with the Clerk of the Eighteenth Judicial Circuit Court on February 9, 2012 as 2012 WF000215.

Defendant Merchant believes this to be the correct dates

5. Grantor was survived by his children, Joycelyn M. Merchant ("Joycelyn")and Hubert.

Defendant admits this statement.

6. Grantor named Abel, his granddaughter's husband, as successor trustee in Article IX of the Declaration of Trust and from February 8, 2012 to present he has acted as such. *(See* Ex. 2, Acceptance of Appointment as Successor Trustee dated February 8, 2012).

Defendant admits that Abel was successor trustee.

7. Article VI provides in relevant part that upon Grantor's death, "the balance of the trust estate not otherwise effectively disposed of shall be divided into separate equal shares, to create the following: (a) One such share for JOYCELYN if she survives [Grantor] by thirty days, or if not, for the descendants who survive [Grantor] by thirty days, collectively, of JOYCELYN; (b) One such share for HUBERT if he survives [Grantor] by thirty days; and (c) One such share for the "Family Members" (as hereinafter defined) who survive [Grantor] by thirty days, collectively."

Defendant believes this statement to be correct.

8. Article VI further provides that "[for purposes of this article, the term "Family Members" shall mean the following grandchildren of [Grantor]: ROBERT D. TEMPLE ("ROBERT"); SUSAN PEREYRA ("SUSAN"); and ALLEN P. TEMPLE ("ALLEN"), or if any of ROBERT, SUSAN, or ALLEN do not survive [Grantor] for thirty days, the term "Family Members" shall also include such deceased grandchild's then living descendants."

Defendant believes this to be correct.

9. All the beneficiaries named in Article VI survived Grantor and are now and were at all times relevant hereto competent adults.

Defendant believes this to be correct.

10. In January 2013, Trustee distributed an inventory and accounting to each Trust beneficiary detailing the Trust activity from February 1, 2012 through December 31, 2012 (the "First Accounting"). A redacted copy of the First Accounting is attached as Exhibit 3.

Defendant received what was purported to be an accounting from Trustee. However, the Trustee has steadfastly refused to provide any documents supporting the Trust assets as required by Illinois Law.

11. In January 2013, Trustee made the following partial distributions to the Trust beneficiaries: (a) $150,000 distribution to Joycelyn; (b) $150,000 distribution to Hubert; (c) $50,000 distribution to Robert; (d) $50,000 to Susan; and (e) $50;000 distribution to Allen.

Defendant Merchant believes this to be correct. Defendant did receive the check.

12. In May 2013, the Trustee distributed the Second Accounting to all Trust beneficiaries. A copy of the Second Accounting is attached as Exhibit 4.

Defendant received what was purported to be a Second accounting from Trustee. However, the Trustee has steadfastly refused to provide any documents supporting the Trust assets as required by Illinois Law.

13. In March 2014, the Trustee distributed the Third Accounting to all Trust beneficiaries. A copy of the Third Accounting is attached as Exhibit 5.

Defendant received what was purported to be a Third accounting from Trustee. However, the Trustee has steadfastly refused to provide any documents supporting the Trust assets as required by Illinois Law.

14. All Trustee's actions and accountings through May 31, 2019 have been approved by all Trust beneficiaries except for Hubert. Copies of signed Receipts are attached as Group Exhibit 6.

Defendant believes the other heirs did sign a release provided by the Trustee.

Defendant Merchant did not sign the overly broad, all encompassing exculpatory document. Demand that Defendant sign this document "up-front", set up a red flag and raised the question why the Trustee will not disclose any supporting documents and requires a release signed without any support. Further the Trustee's insistence that the exculpatory release be signed before Merchant was given any of his share of the bequest appears to be unconscionable coercion to force compliance.

15. Despite his failure to approve the above-referenced accountings, Hubert cashed the partial distribution check he received from Trustee in the amount of $150,000.00. A copy of the cancelled check in redacted form is attached as Exhibit 7.

There was no instruction with the check which forbade the cashing of the check. This statement is intended to impart some kind of wrong doing on Defendant's part and I consider it inflammatory. This is deliberately intended to defame Merchant's character.

16. On or about May 7, 2014, Hubert was notified by Trustee's counsel, Ms. Wendy Wake Durkin, that the remainder of his distribution was available to him upon return of a signed Receipt. A copy of the May 7,2014 letter is. attached as Exhibit 8.

See answer 17 below

17. To date, Hubert has failed to return a signed copy of the Receipt.

Merchant points out their intent to use the refusal to sign an extremely over broad carte blanch release, as a sword to concoct a flimsy reason to try to invoke the in terrorem clause of the Trust. All Merchant has ever asked for is supporting documents. The Trust attorneys have repeatedly played the "too burdensome" discovery excuse to milk the litigation cow.

18. In his prior correspondence with Trustee's legal counsel, Hubert made it clear that he is refusing to approve the accounting previously sent to him because "the authenticity of the will is even at question." A copy of Hubert's February 20, 2014 letter to Ms. Adisa Krupalija, Trustee's counsel, is attached as Exhibit 9.

Defendant Merchant is flabbergasted by this quoted out-take from a sentence. It is a deliberate deception to use a redaction of a sentence fragment to try to make it say something it did not say. The full sentence reads:

**"The authenticity of the will is even at question,** *because they would not respond to the documents requests."*

Now read the whole paragraph from their exhibit 9, reproduced accurately here:

> *"Attorney Wrinkle replied to Ms. Durkin and Ms. Koch in previous correspondence, and again most recently, Feb. 10, listing documents which had been sought multiple times since the beginning of the probate process. Neither Mr. Pereyra, nor his attorney even acknowledged the request let alone provided the documents. The authenticity of the will is even at question, because they would not respond to the documents requests. The deliberate denial of the access to the documents is tantamount to their challenge of the provisions of the will and trust. I would argue that they have committed acts which have negated any right they had to receive any portion of the estate."*

19. In efforts to address Hubert's concerns, Hubert has been extended the opportunity to examine all Trust records on multiple occasions. Copies of letters sent to Hubert in February and April, 2014 are attached as Group Exhibit 10.

Merchant denies that he has been afforded any reasonable access to the documents. Driving to Chicago to be allowed to look at some of them, is not access. Responding that they are too voluminous to copy and would be burdensome, and other feigned discovery dodges, do not offer meaningful access. I will amend this with a complete listing of requests and their "responses" To date I have not been sent a single document.

20. To date, Hubert has not made a single attempt to review any of the Trust records.

See answer 19 above

21. As a result of Hubert's recalcitrance, Trustee was forced to seek court approval of his accountings. A copy of Trustee's Verified Petition for Declaratory Relief (without exhibits). filed on July V, 2014 is attached hereto as Exhibit 11.

The demand that I sign a carte blanch exculpatory release in advance, and my refusal because I have been stonewalled on documents requests is not recalcitrant but prudent.

22. On June 25, 2015, this Court granted Trustee's Motion for Default Judgment. A true and correct copy of this Court's Order dated June 25, 2015 is attached hereto as Exhibit 12.

Merchant answers this by pointing out that the Notice of Hearing was sent by mail only three (3) days before the hearing. Attorney's office postmark of June 22, 2015 for a hearing on June 25, 2015. It was also sent to a wrong address. And some how, despite the in office post mark, did not reach the North Carolina postal processing station until July 4th 2015.

I repeat, June 22, 2015 for a hearing on June 25, 2015. Of course they got a default judgment, and then, they did not notify Defendant for several months, (beyond time for appeal.)

23. Several months after the entry of the default judgment, Hubert filed his Amended Answer to Add Affirmative Defenses, Respondents in Discovery and Counterclaims in a case that was already closed ("Answer and Counterclaims "j. A true and correct copy of Hubert's Answer and Counterclaims is attached hereto as Exhibit.

Defendant admits he filed said document after the default judgment, because he did not know a default judgment was granted. I diligently continued to prosecute the litigation, because there was no indication that any judgment was issued, and I was never noticed by anyone.

24. Hubert's Counterclaims are replete with unfounded and egregious accusations against Abel and his counsel. See Ex. 13.

Defendant filed with the court, and served Plaintiff because he believed the case was still viable. I do not believe there is one falsehood in the pleading. I believe that every thing is a true and accurate representation of the facts. There is absolutely nothing unfounded nor egregious about the pleading. The truth hurts. I cannot believe that this statement is coming from someone who deliberately sends a short 3 day notice , not meeting statutory provisions, and then takes a default judgment, and selectively uses it. (Or maybe that's why I should believe it)

25. Article X of the Restatement provides in relevant part as follows:

> If any beneficiary under this trust agreement in any manner, directly or indirectly, contests or attacks the validity of this instrument, or any disposition under this instrument, my will, or any other trust created by me by filing suit against the trustee under this instrument, my executors, or the trustee or trustees under any other trust created by me, or otherwise, any share or interest given to such beneficiary under the provisions of this instrument is hereby revoked and shall be disposed of in the same manner provided hereunder as if that contesting beneficiary and all descendants of that beneficiary had predeceased me. See Ex. 1.

Defendant Merchant states that Trustee is the one who filed suit and I responded as required by

law. I have only asked to see documents, and I do not believe that their "up front" required exculpatory release is prudent at this time, but is being used as a big rock to hide behind, to avoid providing supporting documents to a beneficiary who is entitled to them by Illinois statute.

26. Trustee has not made final distributions to the Trust beneficiaries over concerns that Hubert will initiate legal action against Trustee that will require a return by the Trust beneficiaries of some or all of their final distributions.

Trustee could have saved all the beneficiaries time and money by simply being forthright in his response to a beneficiary who requests supporting document. I have no doubt that litigation is the cow that attorneys milk, and the biggest udder in the pasture is discovery abuse.

27. Subject to the Court's approval, the Trustee is ready to make final distributions to all the Trust beneficiaries, wrap: up the Trust's affairs, and terminate the Trust. *See* Exs. 14 and 15.

Defendant Merchant points out that the default judgment already approved the accountings. Trustee selective made disbursements to the other beneficiaries, but has withheld any disbursements to Hubert Merchant Jr. The original default judgment negates Trustee's demand for Defendants exculpatory release. Res judicata

**FURTHERMORE:**

Defendant Merchant reserves the right to afford himself of all affirmative defenses allowed by law in whatever court this winds up in. Filing time limits prevent the research necessary to determine the required Statutory defenses. I pray the Court will allow the early amendment of the complaint as necessary to conform to all local rules.

Furthermore: Defendant will augment this Answer with prayers for relief

CERTIFICATE OF SERVICE

Hubert W. Merchant Jr. hereby certifies that January 21, 2020 a copy of the forgoing:

**Response to Trustee's Petition for Declaratory Relief**

along with the Notice of removal to Federal Court

to

Adisa Krupalija
Clingen Callow & McLean, LLC
2300 Cabot Drive, Suite 500
Lisle, Illinois 60532

My only secure postal address is a Post Office Box which I have had for many years.
Hubert Merchant
PO Box 1964
Robbbinsville, NC 28771-1964

Hubert Merchant PRO SE

NO phone NO email